# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BIN CHAN, a/k/a Bin Chen,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Case No. CIV-25-1412-JD |
| ) | |
| **PAMELA BONDI, et al.,** ) | |
| ) | |
| **Respondents.** ) | |

## ORDER

On December 3, 2025, Respondents filed a Notice informing the Court that "Petitioner will be transferred outside this judicial district on December 8, 2025," and will be removed from the United States "to China on December 15, 2025." (Doc. 10). On December 4, 2025, Petitioner responded to the Notice ("Notice Response") raising several concerns, but primarily that Respondents have provided no evidence of a travel document issued for Petitioner by China. (Doc. 12, at 2). Petitioner alleges that even if Respondents put him on a plane to China, China will not accept him without a travel document and Petitioner would be immediately returned to detention in the United States. (*Id.* at 2-3).

Accordingly, Respondents are ordered to reply to Petitioner's Notice Response not later than **December 6, 2025, at 5:00 p.m.**[1] Respondents' Notice Reply shall address:

- any relevant updates on Petitioner's status with his transfer out of this judicial district on December 8, 2025, and removal flight scheduled for December 15, 2025, or other removal efforts; and

---

[1] The undersigned recognizes that this reply is due on a Saturday. A reply due date on Monday, December 8, 2025, would not provide enough time to address this matter before Petitioner's scheduled transfer outside this judicial district, which is set for that same day.

- any travel document secured for Petitioner to China and evidence of China's likelihood of accepting Petitioner, to aid the Court in determining whether Respondents can establish a significant likelihood of Petitioner's removal in the reasonably foreseeable future.

Petitioner may file a Sur-Reply to address facts or arguments raised in Respondents' Reply not later than **December 7, 2025, at 5:00 p.m.**

Petitioner requests a status conference to discuss the concerns stated in the Notice Response. (Doc. 12, at 7). Because Respondents are directed to address these concerns in their Notice Reply and Petitioner will be able to address the Notice Reply in his Sur-Reply, a status conference is not necessary at this time. Petitioner may properly file a motion to request a status conference later if counsel deems it necessary.

IT IS SO ORDERED this 5th day of December, 2025.

*Amanda L. Maxfield*
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE